**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD PANDOLFI and STACEY PANDOLFI, </br>          Plaintiffs, </br></br>vs. </br></br>CITY OF CHICAGO, LISA EITEL, DAVID SYFCZAK, MICHAEL CHEVALIER, JUSTIN STANAKER, and ROBERT STANAKER, </br>          Defendants. | Case No. 12 C 2328 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

      Richard and Stacey Pandolfi sued the City of Chicago, Chicago police officers Lisa Eitel, David Syfczak, and Michael Chevalier, and private citizens Justin and Robert Stanaker under 42 U.S.C. § 1983 and state law. The Pandolfis alleged that on or about April 2, 2010, the officers, along with the Stanakers, illegally broke into their residence without a warrant or consent. After the Pandolfis called 911 to report this, they alleged, the officers retaliated by arresting Richard Pandolfi without probable cause. After the arrest, the Stanakers alleged entered the residence under the officers' supervision and ransacked it. Richard Pandolfi was ultimately convicted of aggravated battery based on what the Pandolfis contend was fabricated testimony. His conviction is currently on appeal.

      The Pandolfis' complaint, which they filed on March 29, 2012, included claims under section 1983 for unlawful search and seizure (Count 1), false arrest (Count 2), arrest in retaliation for exercise of free speech rights (Count 3), and state law claims for

intentional infliction of emotional distress (Counts 4 and 5) and property damage (Count 6), as well as a claim against the City under 745 ILCS 10/9-102 seeking indemnification of any liability of the two officers (Count 7).

The case was disposed of before any discovery was done, indeed before the Court even set a discovery schedule. The City and the police officer defendants made an offer of judgment pursuant to Federal Rule of Civil Procedure 68, in the amount of $5,001 in favor of Richard Pandolfi and $10,001 in favor of Stacey Pandolfi, plus reasonable attorney's fees and costs through May 29, 2012 to be determined by the Court. Upon acceptance of the offer, the Pandolfis voluntarily dismissed their claims against the Stanakers without prejudice. On June 12, 2012, the Court entered judgment based on the Pandolfis' acceptance of the offer of judgment.

The Pandolfis have filed a petition for attorney's fees for three lawyers with the firm of Ekl, Williams & Provenzale, seeking a total of $30,899. The breakdown of the attorneys' claimed time is as follows:

| | |
|---|---|
| Terry Ekl: 21 hours @ $425 per hour = | $8,925.00 |
| Patrick Provenzale: 5.75 hours @ $350 per hour = | 2,012.50 |
| Tracy Stanker: 82.10 hours @ $250 per hour = | 20,525.00 |

The City defendants object on the ground that the amount claimed is excessive.

The starting point for determination of a reasonable attorney's fee in a section 1983 case is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1984). The fee applicant bears the burden of showing the reasonableness of the time requested as well as the hourly rates. *Id.* at 437. If, however, "a plaintiff has achieved only partial or

2

limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. *See also, e.g., Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999).

The amount of damages plaintiffs recovered via their acceptance of the offer of judgment was undeniably modest. Their initial settlement demand made on May 15, 2012, was $250,000. Defendants responded two weeks later, on Mary 29, 2012, with the $15,002 offer of judgment. Plaintiffs accepted the offer even though their attorney initially responded that the offer was "not realistic or reasonable." Defs.' Resp. to Pls.' Pet. for Award of Fees, Ex. B.

It is also noteworthy that even though, from an objective standpoint, the degree of harm experienced by Richard Pandolfi (who was arrested, jailed for a brief period, and prosecuted) was greater than that experienced by Stacey Pandolfi, she recovered a greater amount. This is best explained by the fact that because Richard Pandolfi was found guilty of aggravated battery, his claims arising from his arrest and prosecution likely were barred by *Heck v Humphrey*, 512 U.S. 477 (1994), because his conviction had not been vacated or reversed on appeal.

Plaintiffs acknowledge in their fee petition their limited degree of success in the litigation itself. Specifically, they state that the $15,002 they received "in no way compensated Plaintiffs for the injuries that they suffered at the hands of the Chicago Police Department . . . ." Pls. Pet. for Award of Fees at 3. They say, however, that they accepted the award because they believe the judgment will benefit Richard Pandolfi in the appeal from his criminal conviction. *See id.*; *see also* Pls.' Reply at 4. It is speculative whether plaintiffs will obtain this collateral benefit; they cite no authority

3

supporting the proposition that the judgment will have a legal or other effect in the criminal appeal. One way or another, however, plaintiffs essentially traded off success in this litigation for a potential collateral benefit. Part of the price for this is that their concededly limited success in the case is an appropriate consideration in determining the reasonableness of the fees requested.

Defendants challenge the hourly rates proposed for the three attorneys involved. The reasonable hourly rate for an attorney is the market rate for his or her services, and the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate. *See People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). As is typical for section 1983 litigation, however, the Pandolfis' attorneys do not typically charge clients an hourly rate for their work on such cases, so the next best evidence of their market rate is the rate charged by lawyers of reasonably comparable skill, experience, and reputation in the relevant community. *Id.*; *see Blum v. Stenson*, 465 U.S. 886, 892, 825 n.11 (1984).

Based on the evidence provided, primarily a fee award by Judge Amy St. Eve in a section 1983 case in which Ekl and Provenzale were counsel for the plaintiff, that their appropriate hourly rates are $400 and $300 respectively, not the higher rates they seek here, which they do not support by any evidence regarding rates awarded to other attorneys of similar skill and experience in this type of litigation. (Ekl and Provenzale have billed higher rates for commercial and other types of litigation, but under *People Who Care* and the cases upon which it relies, the relevant field is litigation comparable to this case.) For Stanker, the Court approves a rate of $175, which the evidence reflects is commensurate with her more modest degree of experience.

4

The Court is persuaded based on defendants' objections that the amount of time spent preparing the complaint – 37.5 hours of Stanker's time – is unreasonably high. The complaint is, to be sure, admirably detailed, but plaintiffs have not adequately justified this amount of time for drafting the complaint in a factually and legally straightforward case like this one. (The Court also notes that some amount of this time was necessarily spent drafting state law claims that were almost certainly time-barred, as well as the false arrest claims by Richard Pandolfi, which as noted earlier likely were barred by *Heck v. Humphrey*.) The Court reduces the time spent on this task to 20 hours. As for the remainder of defendants' challenges to particular time entries, the Court is unpersuaded. The remainder of the time spent was reasonable.

The resulting hours-times-hourly rate figures are as follows:

| | |
|---|---|
| Ekl:  21 hours @ $400 per hour = | $8,200.00 |
| Provenzale:  5.75 hours @ $300 per hour = | 1,725.00 |
| Stanker:  62.10 hours @ $175 per hour = | 10,867.50 |
| Total: | $20,792.50 |

The Court further reduces this amount by twenty percent to account for plaintiffs' limited success in this case, a point discussed in greater detail earlier in this decision. The resulting amount is $16,634.

The Court has considered the remainder of defendants' arguments and determines them to be lacking in merit.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' petition for award of attorney's fees in part [dkt. no. 31] and awards plaintiffs attorney's fees in the amount of

5

$16,634. The Court also awards plaintiffs their requested costs (just the civil case filing fee) of $350.

                                                           s/ Matthew F. Kennelly
                                                         MATTHEW F. KENNELLY
                                                         United States District Judge

Date: September 4, 2012